UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TIFFANY HONDRAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 1846 |
| vs. ) | |
| ) | Judge |
| ) | |
| Chicago Police Officers CAROL MCGHEE ) | Magistrate Judge |
| #11410, IBN FURQAN #13256, TIMOTHY ) | |
| GRANVILLE #8964, and UNKNOWN ) | |
| OFFICERS, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT

Plaintiff, TIFFANY HONDRAS, through one of her attorneys, Torreya L. Hamilton, of The Hamilton Law Office, LLC, makes the following complaint against Defendant Chicago police officers CAROL MCGHEE #11410, IBN FURQAN #13256, TIMOTHY GRANVILLE #8964, and TWO UNKNOWN OFFICERS (collectively, Defendant OFFICERS):

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and under the common law of Illinois.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff is a twenty-four year old University of Illinois-Chicago graduate and resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS were Chicago police officers, employed by the City of Chicago, and acting under color of law and within the scope of their employment.

## FACTS

6. On July 14, 2011, at approximately 8:00 p.m., Plaintiff was riding in the passenger seat of her then boyfriend's car, near the area of California Avenue and Harrison Street in Chicago, Illinois.

7. Meanwhile, Defendants MCGHEE, FURQAN, and GRANVILLE were on duty patrolling the same area and riding in an unmarked Chicago police car.

8. Though he had committed no traffic violations and had done nothing else suspicious or illegal, Defendants MCGHEE, FURQAN, and GRANVILLE pulled Plaintiff's boyfriend over.

9. Plaintiff's boyfriend saw police lights behind him and immediately pulled the car over.

10. Defendant MCGHEE, FURQAN, and GRANVILLE approached the vehicle with their guns drawn.

11. Plaintiff's boyfriend questioned why he had been pulled over, and requested that a police supervisor be summoned to the scene.

12. Defendant MCGHEE stationed herself at the passenger's side door next to Plaintiff, while the Defendants FURQAN and GRANVILLE began banging on the window with their batons.

13. When Plaintiff's boyfriend lowered the window to speak with a "supervisor" who subsequently arrived on scene, a uniformed officer reached through the window, unlocked the driver's side door, grabbed Plaintiff's boyfriend by the arm, cuffed him, and dragged him out of the car.

14. Defendant MCGHEE then pulled Plaintiff out of the car by her arm, hurting Plaintiff's arm and causing a bruise.

15. Defendant MCGEE handcuffed Plaintiff and searched Plaintiff's person and purse and found nothing illegal.

16. After other officers placed Plaintiff's boyfriend in the back of a squad car, Defendant MCGHEE told Plaintiff she was "not under arrest" but then nevertheless escorted Plaintiff, who was still handcuffed, to a different squad car.

17. Defendant MCGHEE placed Plaintiff in the backseat of the squad car with her hands cuffed behind her back, where she remained while officers searched her boyfriend's vehicle.

18. There was nothing illegal in Plaintiff's boyfriend's car.

19. Plaintiff had committed no crime nor had she engaged in any behavior that the Defendant OFFICERS could reasonably have perceived as criminal in nature.

20. Plaintiff was then transported to the police station, where she was handcuffed to a wall while Defendants MCGHEE, FARQAN, GRANVILLE, and UNKNOWN DEFENDANT OFFICER NO. 1 and UNKNOWN DEFENDANT OFFICER NO. 2 discussed what to charge Plaintiff with, and how to fill out the necessary paper work.

21. At the police station, Defendant MCGHEE searched Plaintiff's purse a second time, again finding that it contained nothing illegal.

22. At the station, Plaintiff's boyfriend argued with Defendants MCGHEE, FARQAN, GRANVILLE, and UNKNOWN DEFENDANT OFFICERS about being arrested for no reason. Defendant OFFICERS told Plaintiff's boyfriend to "shut up" several times, but he continued to question his arrest and express his frustration about it.

23. After about an hour in custody, one of Defendant OFFICERS removed Plaintiff's handcuffs, returned her purse, and released her from custody. Plaintiff's boyfriend remained in custody and was eventually charged with traffic violations.

24. On her way out of the station, UNKNOWN DEFENDANT OFFICER NO. 1 saw Plaintiff leaving the station, grabbed her, took her purse again, placed her in handcuffs, and accused her of possessing drugs.

25. UNKNOWN DEFENDANT OFFICER NO. 1 then brought Plaintiff back to Defendant MCGHEE and in front of Plaintiff's boyfriend, he suggested that Plaintiff needed a body cavity search.

26. Defendant MCGHEE then took Plaintiff into a nearby bathroom which had no door, and proceeded to strip search Plaintiff.

27. Plaintiff began to cry and shake as Defendant MCGHEE put her hands inside Plaintiff's shirt, pulling up her bra, and using a wand to look into her pants.

28. Defendant MCGHEE ordered to pull down her pants and her panties, and to squat and cough multiple times. Defendant MCGHEE ordered Plaintiff to spread apart her buttocks and genitalia and to "cough harder." Defendant MCGHEE found nothing secreted on or inside Plaintiff's body.

29. Plaintiff repeatedly denied having anything illegal to Defendant OFFICERS.

30. Plaintiff continued to cry as Defendant MCGHEE then searched Plaintiff's purse again.

31. Defendant OFFICERS found no drugs or anything else illegal on Plaintiff's person or in her purse, and Plaintiff was released without charging.

### Count I - 42 U.S.C. § 1983 – Unlawful Seizure

32. Each of the preceding paragraphs is incorporated as if fully restated here.

33. As described above, Defendant OFFICERS detained Plaintiff without a warrant, or reasonable suspicion to believe that she had committed any crime. Defendant OFFICERS' actions were objectively unreasonable and in violation of the Fourth Amendment to the United States Constitution.

34. One or more of Defendant OFFICERS who did not themselves detain Plaintiff were aware of the misconduct of his or her fellow police officer(s), had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

35. As a direct and proximate result of this unlawful search and seizure, the Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## Count II - 42 U.S.C. § 1983 – False Arrest

36. Each of the preceding paragraphs is incorporated as if fully restated here.

37. As described above, Defendant OFFICERS arrested Plaintiff without a warrant, probable cause, and without any other legal justification to do so. Defendant OFFICERS' actions were objectively unreasonable and in violation of the Fourth Amendment to the United States Constitution.

38. On or more of Defendant OFFICERS were aware of the misconduct of his or her fellow police officer(s), had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

39. As a direct and proximate result of this unlawful search and seizure, the Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable

## Count III - 42 U.S.C. § 1983 – Unlawful Search

40. Each of the foregoing paragraphs is incorporated as if fully restated here.

41. As described above, Defendant OFFICERS searched Plaintiff's purse, and her person, without a warrant, probable cause, and without any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

42. One or more of Defendant OFFICERS were aware of the misconduct of his or her fellow police officer(s), had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

43. As a direct and proximate result of this unlawful search, the Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### Count IV - 42 U.S.C. § 1983 – Unlawful (Strip) Search

44. Each of the foregoing paragraphs is incorporated as if fully restated here.

45. As described above, UNKNOWN DEFENDANT OFFICER NO. 1 caused and Defendant MCGHEE performed a strip search upon Plaintiff, without a warrant, probable cause, and without any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

46. One or more of Defendant OFFICERS were aware of the misconduct of his or her fellow police officer(s), had a reasonable opportunity to intervene to prevent the misconduct and the damages suffered by Plaintiff, but failed to do so.

47. As a direct and proximate result of this unlawful search, the Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### Count V – 42 U.S.C. § 1983 – Excessive Force

48. Each of the preceding paragraphs is incorporated as if fully restated here.

49. As described above, the intentional conduct of Defendant MCGHEE toward Plaintiff was objectively unreasonable under the circumstances, and thus constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of Defendant MCGHEE's excessive use of force, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant MCGHEE in a fair and just amount sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### Count VI – 42 U.S.C. § 1983 – Conspiracy

51. Each of the preceding paragraphs is incorporated as if fully restated here.

52. As described more fully above, the Defendant OFFICERS reached an implied or express agreement to unlawfully arrest and search Plaintiff, and thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

53. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

54. As a result of the Defendant OFFICERS' conduct, Plaintiff suffered damages, including physical injuries, emotional distress, and a deprivation of her liberty.

**WHEREFORE,** Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

TIFFANY HONDRAS, Plaintiff,

By:    /s/ Torreya L. Hamilton
         Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173
Attorney No.: 6229397